UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LORRE KANTZ,<br><br>                     Plaintiffs,<br>v.<br><br>BRANDON SOUKUP, *et al.*,<br><br>                     Defendants. | Case No. 3:17-cv-00244-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This case involves the lawfulness of an arrest and subsequent blood draw of Plaintiff Lorre Kantz. Before the Court is Defendants Alvin McNeil (Sheriff of Lyon County), Brandon Soukup (Sheriff's Deputy), Samuel Blyveis (Sheriff's Deputy), and Lyon County's (collectively, "Defendants") motion for summary judgment ("Motion") (ECF No. 47). The Court has reviewed Plaintiff's response[1] (ECF No. 57) and Defendants' reply (ECF No. 58). For the following reasons, the Court grants in part and denies in part Defendants' Motion.

**II.    BACKGROUND**

The following facts come from Defendants' statement of undisputed facts (ECF No. 47 at 4-5) unless otherwise indicated.

Defendants Soukup and Blyveis arrested Plaintiff on April 24, 2015, while she was occupying the driver's seat of a car. Plaintiff was intoxicated and too impaired to drive.

---

[1]The Court treats Plaintiff's second amended response (ECF No. 57) as the operative response. Defendants filed their Motion on January 3, 2018, and the Court instructed Plaintiff that her opposition was due on January 26, 2018. (*See* ECF No. 48.) Plaintiff filed a motion to extend time to respond to January 31, 2018, (ECF No. 49) that Defendants did not oppose (ECF No. 50) and that the Court granted *nunc pro tunc* (ECF No. 59). Plaintiff then filed a first amended response (ECF No. 53) on February 1, 2018, and a second amended response (ECF No. 57) on February 5, 2018, which seems to have been for the purpose of correcting digital imaging errors. Defendants replied on February 20, 2018. (ECF No. 58.)

Plaintiff refused to perform a standard field sobriety test and further refused evidentiary breath or blood testing. Soukup obtained a telephonic search warrant to draw Plaintiff's blood to test for alcohol (*id.* at 8; ECF No. 57 at 5), and Plaintiff's blood tested positive for an alcohol level in excess of the legal limit.

In her First Amended Complaint ("FAC"), Plaintiff brings four claims against Defendants: (1) Count I – Unreasonable Search in Violation of the Fourth Amendment; (2) Count II – False Imprisonment; (3) Count III – Intentional Infliction of Emotional Distress; (4) Count IV – Battery. (ECF No. 28.) Plaintiff seeks damages, declaratory relief, and injunctive relief. (*Id.* at 9.)

## III.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the

1 moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting
2 the motion to "set forth specific facts showing that there is a genuine issue for trial."
3 *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all
4 facts and draws all inferences in the light most favorable to the nonmoving party. *In re*
5 *Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to
6 support or oppose a motion, it "must be made on personal knowledge, set out facts that
7 would be admissible in evidence, and show that the affiant or declarant is competent to
8 testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely
9 on denials in the pleadings but must produce specific evidence, through affidavits or
10 admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*,
11 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is
12 some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783
13 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
14 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's
15 position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. Defendants Sheriff Alvin McNeil and Lyon County

Plaintiff's claims against Sheriff McNeil and Lyon County seem to be premised on *Monell*[2] liability. Defendants Sheriff Alvin McNeil and Lyon County argue that they are entitled to summary judgment on all of Plaintiff's claims because Plaintiff cannot produce any evidence that Sheriff McNeil or Lyon County have established an unlawful policy or practice under *Monell*. (ECF No. 47 at 11.) Plaintiff counters that Sheriff McNeil trained and supervised the deputies and that he is responsible for policies and procedures for the Lyon County Sheriff's Office. (ECF No. 57 at 13.) Plaintiff further argues that Soukup was trained on Lyon County Sheriff's Office policy "Citizen Stops, Searches and Arrest." (ECF No. 47 at 13.)

///

---

[2]*Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Id.* (quoting *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

Failure to train may amount to a policy of "deliberate indifference," if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Similarly, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989). Mere negligence in training or supervision, however, does not give rise to a *Monell* claim. *Id.*

The Court agrees with Defendants. Plaintiff has not explained how the Citizen Stops, Searches and Arrest policy amounts to deliberate indifference to her constitutional rights. In addition, Plaintiff's reliance on the incident giving rise to this action as evidence of a policy or practice of unconstitutional conduct is inadequate. "It is clear that a single instance of unconstitutional conduct by a non-policymaking employee cannot on its own demonstrate a policy or practice of unconstitutional conduct." *Hartrim v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-00003-MMD, 2013 WL 690863, at *6 (D. Nev. Feb. 22, 2013), *aff'd*, 603 F. App'x 588 (9th Cir. 2015) (citing *Davis*, 869 F.2d at 1233-34).

Accordingly, the Court will grant summary judgment in favor of Defendants Sheriff McNeil and Lyon County on Plaintiff's claims.

**B. Count I – Unreasonable Search in Violation of the Fourth Amendment**

The crux of Plaintiff's first claim is that Deputy Soukup engaged in judicial deception to obtain a search warrant to draw her blood. (ECF No. 57 at 11.) Thus, Defendants' first

argument—that the blood draw did not violate Plaintiff's Fourth Amendment rights because the deputies had probable cause to arrest Plaintiff—is moot. (*See* ECF No. 47 at 6.) Even if the officers had probable cause to arrest Plaintiff, a search warrant was required for the blood draw. *Missouri v. McNeely*, 569 U.S. 141, 152 (2013) ("In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so."); *see also Schmerber v. California*, 384 U.S. 757, 770 (1966). Accordingly, the Court will consider whether genuine issues of material fact exist with respect to Plaintiff's claim for judicial deception.

Judicial deception "may not be employed to obtain a search warrant." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). To survive summary judgment on a judicial deception claim, a plaintiff "must make (1) a substantial showing of deliberate falsehood or reckless disregard for the truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred." *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (quoting *Liston v. County of Riverside*, 120 F.3d 965, 972-75 (9th Cir. 1997)).

Plaintiff argues that the deputies made several false statements of material fact in order to obtain the search warrant for the blood draw: (1) Soukup stated that dispatch told him Plaintiff was last seen *driving* a maroon Subaru even though the dispatch recording demonstrates that dispatch did not report Plaintiff was driving; (2) Soukup falsely stated that Plaintiff's husband said she was highly intoxicated; (3) Soukup omitted evidence that Plaintiff had not been seen driving; (4) Soukup falsely represented that Plaintiff's husband "stated [Plaintiff] had driven the Subaru around the property, while intoxicated before he was able to stop her and remove the keys from the ignition;" (5) Soukup falsely represented that he arrested Plaintiff for driving while under the influence even though evidence shows that Plaintiff was arrested for obstruction; and (6) Soukup falsely stated that he determined Plaintiff was impaired due to alcohol based on Plaintiff's behavior, odor,

///

and witness statements even though he did not actually rely on witness statements to reach his conclusion. (ECF No. 57 at 8-10.)

Defendants do not contest the first prong of the *Butler* inquiry—whether Plaintiff has made a substantial showing of deliberate falsehood or reckless disregard for the truth— and the Court finds that Plaintiff has made such a showing. Viewing the facts in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, Plaintiff has shown that Soukup acted with at least reckless disregard for the truth by mischaracterizing dispatch's statements, mischaracterizing statements by Plaintiff's husband, misstating the basis for Plaintiff's arrest, and omitting evidence that Plaintiff might not have been seen driving.

Turning to the second prong of the *Butler* inquiry, Defendants argue that the blood draw warrant would have issued even without Soukup's allegedly false representations (which they assume to be true for the sake of their argument). (ECF No. 58 at 4.) According to Defendants, the warrant would have issued because Plaintiff was intoxicated, found in the driver's seat of the vehicle, and refused to undergo any testing, either breath or blood. (ECF No. 58 at 4.) However, Plaintiff contends that Soukup omitted evidence that would have shown Plaintiff was not actually driving, including that she did not have the key to the vehicle. (ECF No. 57 at 3, 8-10.) If the deputies had presented evidence that Plaintiff was not actually driving and that she had been arrested for obstruction as opposed to driving under the influence, a warrant for the blood draw would not have issued.

Defendants further argue that they are entitled to qualified immunity (ECF No. 58 at 4), but qualified immunity does not apply to judicial deception. *Branch v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Chism v. Washington*, 661 F.3d 380, 393 (9th Cir. 2011) ("We have consistently applied the rule that summary judgment on the ground of qualified immunity is not appropriate once a plaintiff has made out a judicial deception claim.").

///

Accordingly, the Court will deny summary judgment to Defendants Soukup and Blyveis on Count I.

### C. Count II – False Imprisonment

"In Nevada, false imprisonment is the confinement or detention of another person without sufficient legal authority." *Ramirez v. City of Reno*, 925 F. Supp. 681, 690 (D. Nev. 1996) (citing NRS § 200.460). "A law enforcement officer is authorized by state statute to detain any person whom the officer encounters under circumstances which reasonably indicate that the person has committed, is committing or is about to commit a crime." *Id.* (citing NRS § 171.123).

Defendants Soukup and Blyveis argue that they are entitled to summary judgment on Plaintiff's second claim for relief because they had probable cause to arrest her. (ECF No. 47 at 13.) Plaintiff does not seem to dispute this and concedes that she pleaded guilty to the crime of obstruction. (ECF No. 57 at 11.) Given that Defendants have asserted they had probable cause to arrest Plaintiff (and Plaintiff does not support her allegation to the contrary with any evidence (*see* ECF No. 28 at 6; ECF No. 57 at 11)), the Court finds that Defendants Soukup and Blyveis were authorized to detain Plaintiff. Accordingly, the Court will grant summary judgment in favor of Defendants Soukup and Blyveis on Count II.

### D. Count III – Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress requires "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981) (citations omitted).

Defendants argue that they are entitled to summary judgment on Count III because, *inter alia*, Plaintiff has failed to produce "any evidence of doctor's reports or counseling records documenting any intense emotional distress." (ECF No. 47 at 14.) Plaintiff has not addressed this claim. (*See* ECF No. 57.) Given that Defendants assert there is no evidence of Plaintiff having suffered severe or extreme emotional distress, and Plaintiff

1 has produced no evidence to the contrary, the Court will grant summary judgment in favor of Defendants on Count III.

### E. Count IV – Battery

The Court construes Count IV as a Fourth Amendment excessive force claim. "A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*[, 490 U.S. 386 (1989)]." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053-54 (9th Cir. 2007) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir.2005)). "Under *Graham*, '*all* claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth Amendment and its reasonableness standard.'" *Id.* (quoting *Graham*, 490 U.S. at 395). "This analysis 'requires balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake to determine whether the force used was objectively reasonable under the circumstances.'" *Id.* (quoting *Smith*, 394 F.3d at 701).

Defendants argue that they are entitled to summary judgment on Count IV because Plaintiff has not shown that Defendants used "unreasonable force." (ECF No. 47 at 15.) Plaintiff has not addressed this argument or offered any evidence to show that Defendants used unreasonable force in her response. (*See* ECF No. 57.) Given that Defendants have asserted the absence of a genuine issue of material fact as to whether "Defendants used any force above that necessary to compel her cooperation with the investigation" (ECF No. 47 at 15), and Plaintiff has not responded to Defendants' argument or produced any evidence to show that a genuine issue of material fact exists, the Court will grant summary judgment in favor of Defendants on Count IV.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

///

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 47) is granted in part and denied in part. Summary judgment is granted in favor of Defendants McNeil and Lyon County on all claims and in favor of Defendants Soukup and Blyveis on Counts II, III and IV. Summary judgment is denied as to Defendants Soukup and Blyveis on Count I.

DATED THIS 17th day of September 2018.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE